FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2003 MAR 14 P 2:40

S.GH.
DEPUTY CLERK

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TODD M. GUERIN AND KIM E. GUERIN,
INDIVIDUALLY AND ON BEHALF OF
THEIR MINOR CHILD, MEGAN E. GUERIN

VERSUS

CF INDUSTRIES, INC. AND ABC INSURANCE
COMPANY

CIVIL ACTION

NUMBER: 03 CV 204-D-M2

## NOTICE OF REMOVAL TO THE
## UNITED STATES DISTRICT COURT

NOW INTO COURT, through undersigned counsel, comes defendants herein, CF INDUSTRIES,

INC., and removes this action to this Court, and states the following:

1.

Todd M. Guerin and Kim E. Guerin (together with their minor child Megan E. Guerin), plaintiffs,

herein, are residents of and domicile in the State of Louisiana

2.

CF Industries, Inc. is a corporation incorporated in the State of Delaware with its principal place

of business in the State of Illinois. It is neither incorporated in nor has its principal place of business in

Louisiana.

3.

"ABC Insurance Company" is a fictional entity, the domicile which is not material for the purposes

of determining federal diversity jurisdiction. However, to the extent that it is material, it is the liability insurer

of CF Industries, Inc., and therefore is deemed to have the same domicile as CF Industries, Inc., which

| INITIALS | DOCKET# |
|----------|---------|
|          | \       |

is stated above.

4.

Plaintiffs are completely diverse from defendants for purposes of federal diversity jurisdiction.

5.

Plaintiffs have filed a petition, alleging that Todd Guerin sustained "severe physical and mental injuries" as a result of the incident which forms the basis of this lawsuit, including "[n]ausea and vomiting,... [d]isorientation, confusion and incoherence,... [m]emory loss,... [r]espiratory problems,... [l]ung damage,... [l]oss of brain waive activity,... [c]oma, and... [any] additional injuries or conditions not specifically listed herein."

6.

Referencing the above described problems, plaintiffs alleged that Todd Guerin is entitled to recover damages for physical pain and discomfort, mental pain and discomfort, mental anguish, loss of enjoyment of life, loss of consortium, fear of experiencing future health problems, disability, past and future lost wages, loss of earning capacity, and inability to engage in and enjoy persona, recreational and social activities.

7.

Furthermore, the petition alleges that the plaintiffs have incurred and will continue to incur significant medical expenses to diagnose and treat Guerin's injuries.

8.

On October 10, 2002, plaintiffs' counsel sent a letter to the undersigned alleging that Todd Guerin already had incurred $30,030.70 in medical expenses and $4,800.00 in lost wages as a result of the incident. See Exhibit "A".

9.

It is respectfully submitted that, as a result of the above mentioned allegations of damages (all of which are denied by defendant, CF Industries, Inc.), the amount in controversy in this exceeds $75,000, exclusive of attorney's fees, interest and costs.

10.

This Court has original jurisdiction over the claim of Todd Guerin pursuant to 28 U.S.C. § 1332, diversity jurisdiction.

11.

This Court has supplemental jurisdiction over the consortium claims of Kim Guerin and Megan Guerin pursuant to 28 U.S.C. § 1367.

12.

This Court has removal jurisdiction pursuant to 28 U.S.C. § 1441.

13.

This action was filed on February 19, 2003, and served no sooner than February 21, 2003.

14.

This action is timely removed pursuant to 28 U.S.C. § 1446.

15.

A copy of the entire suit record in the state court action is attached hereto as Exhibit "B".

WHEREFORE, defendant, CF INDUSTRIES, INC., respectfully prays that this Notice of Removal be accepted as good and sufficient and that this court enter such order or orders as may be proper in the premises.

Respectfully Submitted:

ATKINSON, PERRY, ATKINSON &
& BALHOFF
2141 Quail Run Drive
Baton Rouge, LA 70808

By: _____
John W. Perry, Jr. (10524)
Daniel J. Balhoff (18776)

## CERTIFICATE

Daniel J. Balhoff, counsel for the defendant, CF Industries, Inc., being duly sworn, represent that upon the filing herein of the Notice of Removal, he on the 13 day of March, 2003, gave written notice to plaintiffs, the only adverse party, by placing a true copy of the above and foregoing Notice of Removal in the United States mail, postage prepaid, to William J. Mitchell, II, Locke Meredith, Sean Fagan & William Mitchell, 1300 Millerville Road, Baton Rouge, LA 70816, and that on this same day, a copy of said Notice of Removal, a copy of which is attached hereto, was hand-delivered and/or mailed in the United States mail, postage prepaid, to the Clerk of Court for the 23rd Judicial District Court for the Parish of Ascension, Louisiana, wherein said action was pending.

Baton Rouge, Louisiana, this 13 day of March, 2003.

_____
DANIEL J. BALHOFF

Sworn to and subscribed before me, Notary Public, on this 13 day of March, 2003.

_____
NOTARY PUBLIC

# $\mathcal{L}$AW OFFICE OF SONJA T. CASTELLA LLC

P.O. Box 727, Livingston, Louisiana 70754
Telephone: (225) 686-8006
Facsimile: (225) 686-9030
sonjac01@bellsouth.net

October 10, 2002

Mr. Daniel Balhoff
ATKINSON, PERRY, ATKINSON, & BALHOFF, L.L.C.
P.O. Drawer 83260
Baton Rouge, LA. 70884-3260

| Re: | **Our Client:** | ***Todd Guerin*** |
|---|---|---|
| | **Your File #:** | ***104-48*** |
| | **Date of Accident:** | ***02/20/2002*** |

Dear Mr. Balhoff:

As you know, this firm represents Todd Guerin for injuries that occured while transporting fertilizer for B B and M Trucking. What follows is our offer of settlement of this matter.

Although I am sure you are familiar with the facts of this case, I will briefly recount them for you. On or about February 20, 2002, Mr. Guerin was transporting a load of urea fertilizer from CF Industries to Hattisburg, Mississippi when he suffered from toxic metabolic encephalopathy due to inhaling and contact with the fertilizer that he was hauling, resulting in the injuries more fully described below.

On February 20,2002, during this delivery Mr. Guerin became confused. When he returned, his wife noticed that he seemed slightly confused and his voice was not normal. She suggested that he see a physician, but instead Mr. Guerin went to bed and stated that he would see one the next day.

On February 21,2002, when Mr Guerin's wife awakened she found him in his bed around 6:00 a.m. unconscious and lying in vomit and shaking. His wife then called 911 and Mr. Guerin was taken by ambulance to Pointe Coupee General Hospital. When Mr. Guerin arrived at the hospital a series of test was ran to find out why Mr Guerin was unconscious. A CT of the brain at which time there was no evidence of midline shift, hydrocephalus, acute hemorrage or subdural/epidural hematoma and no abnormal calcification was seen. The heart was not enlarged but there did appear to be diffuse vascular congestion. A Med-Tox Qualitative urine drug screen test was administered which was negative for drugs. Mr. Guerin was then taken by Air Med to Our Lady of The Lake Hospital.

EXHIBIT
A

On February 21, 2002, Mr. Guerin was presented to Our Lady of The Lake Hospital emergency room were he was still unconscious. At this time Dr. Oscar Rogers, a neurologist and Dr. Candace Warner, an infectious disease control specialist were asked to see Mr. Geurin. They began to go over the test that were done at Pointe Coupee General Hospital. The film that was previously taken did show infiltrates compatible with a flash pulmonary edema. Mr. Guerin was then placed on Rocephine and Acyclovir. Within 48 hours, he had cleared significantly. Mr. Guerin did have multiple viral titers done wh ich all came back negative. Spinal fluid was taken to test for varicella virus and none was detected. At this time, Mr. Guerin was placed in the intensive care unit. A neuro consultation was requested. The Neurology report noted that Mr. Guerin exhibitted some problems with his cognitive function. Also, Mr. Guerin did have emesis and could have aspirated and suffered some form of hypoxia. Dr. Rogers recommended an EEG, carotid ultrasound, transcranial doppler echocardiography, and to consider a ID consult even though abnormalities in the spinal tap were not apparent, also another MRI if possible.

On February 22, 2002, more test were ran on Mr. Guerin. Mr Guerin was a wake, but did not acknowledge voices or presence. He was very restless and agitated. Mr. Guerin had to be sedated and restraints had to be applied. The X-ray taken on this day of his heart showed a normal heart size and clear lungs.

On February 23, 2002, Mr Guerin was awake but still slightly confused. There was an EEG with EKG tracing performed. No significant focal slowing, sharp activity or epileptiform changes were noted. The EEG was mildly abnormal, but was an improvement compared to his prior EEG.

On February 24 and 25, 2002, Mr Guerin was more alert, encephalopathy was clearing. Mr. Guerin's seemed to be slowly improving in his condition. On February 25th the doctors started discussing discharge of Mr. Guerin.

On February 26, 2002 Mr. Guerin was discharged from the hospital and was told to follow up with the Neuromedical Center in 1 to 2 weeks.

On March 14, 2002 Mr. Guerin presented to Dr. Oscar Rogers of the NeuroMedical Center for his first post hospital visit for encephalopathy. Work up failed to reveal any infectious or inflammatory etiology. Dr. Rogers noted that Mr. Guerin's EEG showed global metabolic encephalopathy. It was in the medical opinion at this time of Dr. Rogers and Dr. Warner that Mr. Guerin had no evidence whatsoever of infectious encephalopathy and that Mr. Guerin suffered some type of toxic encephalopathy related to the material that he was carrying. Dr. Rogers wanted to follow-up with Mr. Guerin in four weeks.

On March 19, 2002, Mr. Guerin presented to Dr. Candace Warner, an infectious disease control specialist for a follow up to his hospital stay. Dr. Warner noted that there was no evidence of infection. Dr. Warner noted that more probable than not his encephalopathy was related to some type of toxic reaction to the material that he was carrying in his truck.

On April 11, 2002, Mr. Guerin returned for a followup visit with Dr. Rogers. At this time, Dr.

Rogers released Mr. Guerin to return to work. Dr. Rogers noted that Mr. Guerin was not suffering any long term neurological problems and that his problems most likely reflected toxic exposure.

## PAST MEDICALS

In addition to the general damages he has suffered, Mr. Guerin has incurred the following medical expenses as a result of this accident:

| | |
|---|---|
| ***Pointe Coupee General Hospital***<br>*Hospital Bill* | **$ 1,772.10** |
| **Our Lady of The Lake Regional Hospital**<br>*Hospital Bill* | **$ 24,930.84** |
| **Acadian Ambulance**<br>*Ambulance Bill* | **$ 3,237.84** |
| **The Neuromedical Center**<br>*Doctor Visit* | **$ 58.00** |
| **Wal- Mart**<br>Prescriptions | **$ 31.92** |
| **TOTAL** | **$ 30,030.70** |

## LOST WAGES

At the time of the accident, Mr. Guerin was employed at BB&M Trucking. Mr. Guerin received a weekly salary of $600.00 a week. Since the accident, Mr. Guerin missed 8 week of work at $600.00 which means Mr. Guerin has lost wages in the amount of $ 4800.00.

## LOSS OF CONSORTIUM

Mr. Guerin was hospitalized for 6 days; he was unconscious for 3 days. One week after Mr. Guerin was released from the hospital his wife had to be hospitalized for stress and exhaustion from worrying about her husband. During Mr. Guerin's hospital stay and convalescence, marital relations suffered between Mr. and Ms. Guerin. Mr. Guerin also has a young daughter and he was not able to fully participate in the father/daughter activities which they had always done before Mr. Guerin's illness. Ms. Guerin's wife and daugher have a claim for loss of consortium in the amount of $25,000.00

<u>CONCLUSION</u>

In order to reach an amicable resolution of this matter, I have been authorized by my client to accept $75,000.00 as a full and final settlement and a release of all parties.

I am enclosing all medical records to assist you in evaluating this claim. If you have any questions, feel free to contact me. I look forward to hearing from you at your earliest convenience.

With best regards, I remain

Sincerely,

Sonja T. Castella

STC/lt
enclosure

TODD M. GUERIN AND KIM E. GUERIN<br>
INDIVIDUALLY AND ON BEHALF OF<br>
THEIR MINOR CHILD, MEGAN E. GUERIN

VERSUS 74,542

CF INDUSTRIES, INC. AND ABC<br>
INSURANCE COMPANY

NUMBER _____ DIV. "____"

FILED

FEB 1 9 2003

_____ PARISH OF ASCENSION

**DY. CLERK OF COURT**<br>
**ASCENSION PARISH** STATE OF LOUISIANA

23RD JUDICIAL DISTRICT COURT

## DIVISION E

<u>PETITION FOR DAMAGES</u>

NOW INTO COURT, through undersigned counsel, come Todd M. Guerin and Kim E. Guerin, persons of the full age of majority domiciled in the Parish of Pointe Coupee, State of Louisiana, appearing herein individually and on behalf of their minor child, Megan E. Guerin (hereinafter collectively "petitioners"), who respectfully aver as follows:

1.

Made defendants herein are:

A.    CF Industries, Inc., a Delaware corporation authorized to do and actually doing business in the Parish of Ascension, State of Louisiana; and

B.    ABC Insurance Company, a foreign or domestic insurance company authorized to do and actually doing business in the Parish of Ascension, State of Louisiana,

all of whom are liable unto petitioners for all damages sustained by them as a result of the incident described hereinafter, together with legal interest from the date of judicial demand until paid and all costs of this proceeding, for the following:

2.

On or about February 20, 2002, petitioner, Todd M. Guerin, was employed as a truck driver for BB&M Trucking (hereinafter "BB&M") out of Erwinville, Louisiana.

3.

BB&M instructed Todd M. Guerin to proceed to a nitrogen production facility owned, operated and maintained by defendant, CF Industries, Inc. (hereinafter "CF"), which nitrogen production facility is located in the Parish of Ascension, State of Louisiana.

4.

BB&M assigned Todd M. Guerin the task of picking up a load of fertilizer from CF's nitrogen production facility (hereinafter "subject facility") for delivery to a customer in Collins, Mississippi.



5.

Todd M. Guerin arrived at the subject facility around sunrise on February 20, 2002 and was instructed by an agent or employee of CF to check in and enter some form of administrative building to watch a general safety film. The general safety film which Todd M. Guerin watched upon his arrival at the subject facility included no warnings, instructions, guidelines or any other information of any kind or nature whatsoever specific to exposure to nitrogen products, fertilizer or any other product manufactured and/or stored by CF at the subject facility.

6.

Todd M. Guerin proceeded to drive into the subject facility and the tractor/trailer he was driving was loaded with "urea" fertilizer by agents or employees of CF.

7.

CF allowed Todd M. Guerin to enter the subject facility and become exposed to "urea" fertilizer without providing him with any form of safety equipment, protective clothing or protective gear and without issuing to him any form of warning (written, verbal or otherwise) regarding the highly dangerous nature of exposure to "urea" fertilizer and the adverse health effects associated with such exposure.

8.

Todd M. Guerin had not previously visited the subject facility and had no knowledge specific to the highly dangerous nature of exposure to "urea" fertilizer and the adverse health effects associated with such exposure.

9.

CF is a "manufacturer" as defined by LSA-R.S. 9:2800.53(1) and manufactured the "urea" fertilizer made the subject of this proceeding.

10.

The "urea" fertilizer made the subject of this proceeding is a "product" as defined by LSA-R.S. 9:2800.53(3).

11.

Todd M. Guerin's handling of the "urea" fertilizer made the subject of this proceeding was a "reasonably anticipated use" as defined by LSA-R.S. 9:2800.53(7).

Todd M. Guerin sustained severe physical and mental injuries as a direct consequence of exposure to the "urea" fertilizer made the subject of this proceeding (hereinafter "subject incident"), including, but not limited to, the following:

A.    Nausea and vomiting;

B.    Disorientation, confusion and incoherence;

C.    Memory loss;

D.    Respiratory problems;

E.    Lung damage;

F.    Loss of brain wave activity;

G.    Coma; and

H.    Any additional injuries or conditions not specifically listed herein.

13.

Todd M. Guerin is entitled to recover damages for the following:

A.    Physical pain and discomfort;

B.    Mental pain and discomfort;

C.    Mental anguish;

D.    Loss of enjoyment of life;

E.    Loss of consortium;

F.    Fear of experiencing future health problems;

G.    Disability;

H.    Past and future lost wages;

I.    Loss of earning capacity; and

J.    Inability to engage in and enjoy personal, recreational and social activities.

14.

Petitioners have incurred and will continue to incur significant medical expenses to diagnose and treat the injuries and resulting conditions Todd M. Guerin sustained as a direct consequence of the subject incident.

15.

The subject incident was not caused or contributed to by any act or omission on the part of Todd M. Guerin.

16.

The subject incident and petitioners' resulting injuries and damages were caused solely and proximately by a defect in the "urea" fertilizer manufactured by CF, said defect consisting of, but not limited to, the following:

A. It is unreasonably dangerous in construction or composition as set forth in LSA-R.S. 9:2800.55;

B. It is unreasonably dangerous in design as set forth in LSA-R.S. 9:2800.56; and/or

C. It is unreasonably dangerous because an adequate warning about it was not provided [LSA-R.S. 9:2800.57 and LSA-R.S. 9:2800.53(9)].

17.

The defect in the "urea" fertilizer made the subject of this proceeding, which defect renders it unreasonably dangerous to normal use, existed at the time the product left the control of CF.

18.

Alternatively, the subject incident and petitioners' resulting injuries and damages were caused solely and proximately by the negligence and/or fault of CF, said negligence and/or fault consisting of, but not limited to, the following:

A. Failing to provide Todd M. Guerin with a Material Safety Data Sheet or any other documentation specific to the dangerous propensities of "urea" fertilizer;

B. Failing to adequately inform Todd M. Guerin regarding the highly dangerous nature of exposure to "urea" fertilizer and the adverse health effects associated with such exposure;

C. Failing to provide Todd M. Guerin with any form of safety equipment, protective clothing or protective gear before he was exposed to "urea" fertilizer;

D. Failing to act in a reasonable manner under the circumstances;

E. Failing to ensure the safety and protection of persons entering the subject facility; and

F. Any and all other acts of negligence and/or fault to be proven at the trial of this matter.

19.

Petitioner, Kim E. Guerin, is Todd M. Guerin's spouse and she has witnessed her husband's severe physical and mental pain following the subject incident. She has suffered and will continue to suffer the loss of her husband's love, society and affection and; therefore, has a loss of consortium claim and is entitled to recover damages as are reasonable in the premises. LSA-C.C. Article 2315.

20.

Petitioner, Megan E. Guerin, is the legitimate issue of the union between Todd M. Guerin and Kim E. Guerin and resides with them. Megan E. Guerin has witnessed her father's severe

physical and mental pain following the subject incident. She has suffered and will continue to suffer the loss of her father's love, society and affection and; therefore, has a loss of consortium claim and is entitled to recover damages as are reasonable in the premises. LSA-C.C. Article 2315.

21.

Defendant, ABC Insurance Company, previously issued a policy of general liability or business liability insurance in the name of CF, and said policy was in full force and effect at all times material to this proceeding; therefore, ABC Insurance Company is liable for all injuries and damages sustained by petitioners and caused by any defect in the "urea" fertilizer manufactured by CF and/or caused by the negligence and/or fault of CF.

22.

Petitioners demand damages from defendants as are reasonable and appropriate for the injuries and additional losses sustained by them.

23.

Petitioners' damages exceed the principal amount of Fifty Thousand and 00/100 ($50,000.00) Dollars and; therefore, petitioners are entitled to and therefore request a trial by jury.

WHEREFORE, petitioners, Todd M. Guerin and Kim E. Guerin, individually and on behalf of their minor child, Megan E. Guerin, pray that all defendants named hereinabove be served with a copy of this Petition for Damages and cited to appear and answer same; and after due proceedings had, there be judgment herein in favor of petitioners, Todd M. Guerin and Kim E. Guerin, individually and on behalf of their minor child, Megan E. Guerin, and against defendants, CF Industries, Inc. and ABC Insurance Company, for all damages sustained by petitioners, together with legal interest from the date of judicial demand until paid and all costs of this proceeding.

Respectfully submitted:

**LOCKE MEREDITH, SEAN FAGAN & WILLIAM MITCHELL**
**A Professional Law Corporation**
1300 Millerville Rd.
Baton Rouge, LA 70816
Telephone: (225) 272-5300

By: _____
William J. Mitchell, II
Bar Roll No. 17063

**SERVICE INFORMATION**

PLEASE SERVE:

CF Industries, Inc.,
through its agent for service of process:
C. T. Corporation System
8550 United Plaza Blvd.
Baton Rouge, LA 70809

TODD M. GUERIN AND KIM E. GUERIN,          NUMBER _____ DIV. "____"
INDIVIDUALLY AND ON BEHALF OF
THEIR MINOR CHILD, MEGAN E. GUERIN   23RD JUDICIAL DISTRICT COURT

VERSUS

CF INDUSTRIES, INC. AND ABC          PARISH OF ASCENSION
INSURANCE COMPANY                    STATE OF LOUISIANA

**FILED**

FEB 1 9 2003

_____
DY. CLERK OF COURT
ASCENSION PARISH

<u>**REQUEST FOR NOTICE**</u>

To:     Clerk of Court
        23rd Judicial District Court
        P. O. Box 192
        Donaldsonville, LA 70346

        Pursuant to Article 1572 of the Louisiana Code of Civil Procedure, we hereby request written

notice of the date set for trial of the above numbered and entitled cause, or of the date set for hearing

of any motion or exception filed in connection with this proceeding, at least ten (10) days before the

date thereof.

        We also request notice of the signing of any final judgment or of the rendition of any

interlocutory order or decree in said cause as provided by Article 1913 and 1914 of the Louisiana

Code of Civil Procedure.

                        Respectfully submitted:

                        **LOCKE MEREDITH, SEAN FAGAN**
                        **& WILLIAM MITCHELL**
                        **A Professional Law Corporation**
                        1300 Millerville Rd.
                        Baton Rouge, LA 70816
                        Telephone: (225) 272-5300

                        By: _____
                            William J. Mitchell, II
                            Bar Roll No. 17063

# CITATION

TODD M GUERIN et al

VERSUS

CF INDUSTRIES INC et al

23RD JUDICIAL DISTRICT COURT

PARISH OF ASCENSION

STATE OF LOUISIANA

DOCKET NUMBER: 00074542E

**SERVE: CF INDUSTRIES, INC., THRU**
C.T. CORPORATION SYSTEM
8550 UNITED PLAZA BLVD.
BATON ROUGE, LA.

PARISH OF EAST BATON ROUGE

You are hereby summoned to comply with the demand contained in the Petition*
of which a true and correct copy accompanies this citation, or make an
appearance either by filing a pleading or otherwise, in the 23rd Judicial
District Court in and for the Parish of Ascension, State of Louisiana,
within fifteen (15) days after the service hereof, under penalty of default.

This service was ordered by Attorney MITCHELL, WILLIAM J and was
issued by the Clerk of Court on the 21ST day of FEBRUARY, 2003.

_Cree Blanchard_
Deputy Clerk of Court for
Kermit "Hart" Bourque, Clerk of Court

```
*************************************************************************
LEGAL ASSISTANCE IS ADVISABLE AND YOU SHOULD CONTACT A LAWYER IMMEDIATELY.
COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE.
*************************************************************************
-------------------------------------------------------------------------
```

## SHERIFF'S RETURN

Received on the _____ day of _____ ,20___ and on the _____ day
of _____ , 20 ___ served the above named party as follows:
DATE SERVICE ATTEMPTED:_____ TIME SERVICE ATTEMPTED:_____AM/PM
DATE SERVICE ATTEMPTED:_____ TIME SERVICE ATTEMPTED:_____AM/PM
DATE SERVICE ATTEMPTED:_____ TIME SERVICE ATTEMPTED:_____AM/PM
TYPE OF SERVICE:
___ PERSONAL _____
___ DOMICILIARY _____
___ ADDRESS OF ATTEMPTED SERVICE/EXECUTION _____
REASON FOR NON-SERVICE:
___ MOVED (NEW ADDRESS) _____      ___ MOVED, ADDRESS UNKNOWN
___ NOT KNOWN AT THIS ADDRESS                ___ UNABLE TO LOCATE
___ POST OFFICE HAS NO ADDRESS               ___ DISTRICT ATTORNEY RECALLED
___ THIS ADDRESS NOT IN OUR PARISH           ___ NOT SERVED IN TIME FOR
___ HOLD-REQUEST OF _____            COURT DATE/PAST COURT
___ IN ARMED FORCES                          ___ HOSPITALIZED/DECEASED
___ RECEIVED TOO LATE FOR SERVICE
___ COMMENTS OR OTHER REASONS FOR NOT SERVING _____
_____

RETURNED: PARISH OF _____ this _____ day of _____ , 20 _____ .

SERVICE:    $ _____          BY: _____
MILEAGE:    $ _____                   DEPUTY SHERIFF
TOTAL:      $ _____

0006

Case 3:03-cv-00204-JJB   Document 1   03/14/03   Page 16 of 21

KERMIT "HART" BOURQUE
CLERK OF COURT & RECORDER & NOTARY PUBLIC
ASCENSION PARISH
DONALDSONVILLE, LA 70346
PHONE 225-473-8866

## RECEIPT OF FAX DOCUMENT

TO: _William Mitchell_ DATE: _2-19-03_

The Ascension Parish Clerk of Court has received your fax document in the matter entitled: _74,542_

_Todd Guerin US CF Industries_

The pleading received was entitled:

_Pet. for Damages_

According to R. S. 13:850, B, within five days, exclusive of legal holidays, after the Clerk of Court has received the transmission, the party filing the document shall forward to the Clerk the original signed document, the applicable filing fee, if any, and a transmission fee of five dollars.

IF THE PARTY FAILS to comply with the requirements of Subsection B stated above, the facsimile filing shall have no force or effect, but there is still a fee.

_P. Denoux_
DEPUTY CLERK OF COURT

NOTE: WHEN THE ORIGINAL IS SENT, PLEASE INDICATE THAT THIS HAS ALREADY BEEN FAXED, NOTING DATE DOCUMENT WAS FAXED TO US. THANKS.

| TX | RESULT | REPORT |
|----|--------|--------|

NAME:ASCENSION CLERK OF COURT
TEL :225 473 8641
DATE:FEB.19'2003 16:50

| SESSION | FUNCTION | NO. | DESTINATION STATION | DATE | TIME | PAGE | DURATION | MODE | RESULT |
|---------|----------|-----|---------------------|------|------|------|----------|------|--------|
| 1200 | TX | 01 | 272599 | FEB.19 | 16:50 | 000 | 00H00'00" | G3 | NG |
| | | | OOFF:REDIAL ALL FAIL | | | | | | |

# RECEIPT OF FAX DOCUMENT

**TO:** William Mitchell **DATE:** 2-19-03

**The Ascension Parish Clerk of Court has received your fax document in the matter entitled:** 74,542

Todd Guenin US CF Industries

**The pleading received was entitled:**

Pet. For Damages

According to R. S. 13:850, B, within five days, exclusive of legal holidays, after the Clerk of Court has received the transmission, the party filing the document shall forward to the Clerk the original signed document, the applicable filing fee, if any, and a transmission fee of five dollars.

<u>IF THE PARTY FAILS</u> to comply with the requirements of Subsection B stated above, the facsimile filing shall have no force or effect, <u>but there is still a fee.</u>

P. Denoux
**DEPUTY CLERK OF COURT**

NOTE: WHEN THE ORIGINAL IS SENT, PLEASE INDICATE THAT THIS HAS ALREADY BEEN FAXED, NOTING DATE DOCUMENT WAS FAXED TO US. THANKS.

# LOCKE MEREDITH
# SEAN FAGAN
# & WILLIAM MITCHELL

*A Professional Law Corporation*

1300 Millerville
Baton Rouge, LA 70816
www.lockemeredith.com

Phone (225) 272-530_
Toll Free 1-800-479-922_
Fax (225) 272-599_

RECEIVED AND FILED
BY ROURQUE

2003 FEB 19 P 4: 23

## FACSIMILE COVER SHEET

DATE: 2/19/03       PAGE 1 OF 9 PAGES

TO: Clerk of Court

COMPANY: 23rd JDC

FAX NO.: 473-8641

FROM: WILLIAM J. MITCHELL, II/TERRI HEDGEPETH

OUR FILE NO.: 5364

RE: Todd M Guering et al v. CF Industries, et al

INSTRUCTIONS: _____

PLEASE CONTACT TERRI AT (225) 272-5300 IF THERE IS ANY PROBLEM WITH THIS TRANSMISSION.

### CONFIDENTIALITY NOTICE

This facsimile transmission (and/or documents accompanying it) may contain confidential information belonging to the sender which is protected by the attorney/client privilege. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone to arrange for return of the documents.

# LOCKE MEREDITH
# SEAN FAGAN
# & WILLIAM MITCHELL

RECEIVED AND FILED
2003 FEB 21  A
BY

*A Professional Law Corporation*

1300 Millerville
Baton Rouge, LA 70816
www.lockemeredith.com

Phone (225) 272-5300
Toll Free 1-800-479-9223
Fax (225) 272-5990

February 19, 2003

**VIA FACSIMILE - 473-8641**
**AND U. S. MAIL**

Hon. Kermit A. Bourque
Clerk of Court
23rd Judicial District Court
P. O. Box 192
Donaldsonville, LA 70346

Re: Todd M. Guerin, et al v. CF Industries, Inc., et al
23rd JDC; Suit No. 74452 " E "
Our File No.: 5364

Dear Sir:

Enclosed herewith you will find a copy of our clients' Petition for Damages. The enclosed pleading has been respectfully submitted for filing via facsimile. The original Petition for Damages, together with two (2) copies, have been sent via U. S. Mail. In addition, we have sent firm checks as follows:

1) One for $155.00 made payable to your office; and

2) One for $25.04 made payable to the East Baton Rouge Parish Sheriff's Office.

Please let us know if our office can be of any further assistance. Your prompt handling of this request would be greatly appreciated.

With kind personal regards, I remain

Very truly yours,

LOCKE MEREDITH, SEAN FAGAN
& ASSOCIATES
A Professional Law Corporation

William J. Mitchell, II

WJM,II/th
Enclosures

**CITATION**

TODO M GUERIN et al

VERSUS

CF INDUSTRIES INC et al

23RD JUDICIAL DISTRICT COURT

PARISH OF ASCENSION

STATE OF LOUISIANA

DOCKET NUMBER: 00074542E

**SERVE: CF INDUSTRIES, INC., THRU**
C.T. CORPORATION SYSTEM
8550 UNITED PLAZA BLVD.
BATON ROUGE, LA.

PARISH OF EAST BATON ROUGE

You are hereby summoned to comply with the demand contained in the Petition*
of which a true and correct copy accompanies this citation, or make an
appearance either by filing a pleading or otherwise, in the 23rd Judicial
District Court in and for the Parish of Ascension, State of Louisiana,
within fifteen (15) days after the service hereof, under penalty of default.

This service was ordered by Attorney MITCHELL, WILLIAM J and was
issued by the Clerk of Court on the 21ST day of FEBRUARY, 2003.

_Giee Blanchard_
Deputy Clerk of Court for
Kermit "Hart" Bourque, Clerk of Court

**RETURNED**

MAR 3 - 2003

*********************************************************************
LEGAL ASSISTANCE IS ADVISABLE AND YOU SHOULD CONTACT A LAWYER IMMEDIATELY.
COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE.
*********************************************************************

-----------------------------------------------------------------

**SHERIFF'S RETURN**

Received on the _____ day of _____ ,20___ and on the _____ day
of _____ , 20 ___ served the above named party as follows:

| | |
|---|---|
| DATE SERVICE ATTEMPTED: _____ | TIME SERVICE ATTEMPTED: _____AM/PM |
| DATE SERVICE ATTEMPTED: _____ | TIME SERVICE ATTEMPTED: _____AM/PM |
| DATE SERVICE ATTEMPTED: _____ | TIME SERVICE ATTEMPTED: _____AM/PM |

TYPE OF SERVICE:
___ PERSONAL
___ DOMICILIARY _____
___ ADDRESS OF ATTEMPTED SERVICE/EXECUTION _____

REASON FOR NON-SERVICE:
___ MOVED (NEW ADDRESS) _____ ___ MOVED, ADDRESS UNKNOWN
___ NOT KNOWN AT THIS ADDRESS ___ UNABLE TO LOCATE
___ POST OFFICE HAS NO ADDRESS ___ DISTRICT ATTORNEY RECALLED
___ THIS ADDRESS NOT IN OUR PARISH ___ NOT SERVED IN TIME FOR
___ HOLD-REQUEST OF _____ COURT DATE/PAST COURT
___ IN ARMED FORCES ___ HOSPITALIZED/DECEASED
___ RECEIVED TOO LATE FOR SERVICE _____
___ COMMENTS OR OTHER REASONS FOR NOT SERVING _____

RETURNED: PARISH OF _____ _____ day of _____ 20___

| | |
|---|---|
| SERVICE: $ _____ | |
| MILEAGE: $ _____ | BY: _____ |
| TOTAL: $ _____ | DEPUTY SHERIFF |

0006